UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Carolyn Harrison,<br><br>PLAINTIFF<br><br>v.<br><br>Jeff L. Hammond,<br><br>DEFENDANT | Case No. 0:23-cv-04681-TLW<br><br><br>**ORDER** |

Plaintiff Carolyn Harrison, proceeding *pro se*, filed this civil action against Jeff L. Hammond, the Clerk of Court for Lancaster County, South Carolina, on September 18, 2023. ECF No. 1. This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 13. In the Report, the Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice for failure to state a claim. *Id.* Plaintiff has filed a letter with the Court which it will construe as objections to the Report. ECF No. 16. Accordingly, this matter is now ripe for review and disposition.

## BACKGROUND

Plaintiff claims that Defendant Jeff L. Hammond, the Lancaster County Clerk of Court, has killed several of her relatives through witchcraft and voodoo since 2008. *See* ECF No. 1. Plaintiff claims that Hammond is trying to kill her for insurance money, and she asks the court to "go talk to this crazy man tell him [sic]

to stop what he is doing to me" and seeks damages in the amount of $99,000,000.00 for stress and anxiety. *Id.* at 12.

## THE REPORT

As noted, Plaintiff's complaint was assigned to the Magistrate Judge for pre-service review. On October 4, 2023, the Magistrate Judge issued her Report, which recommends dismissing Plaintiff's complaint without prejudice for failure to state a claim. ECF No. 13. In making this recommendation, the Magistrate Judge first "notes that the face of the Complaint fails to show that the court has subject matter jurisdiction over this matter." *Id.* at 2. Plaintiff's complaint states that the court's jurisdiction is based on federal question jurisdiction, yet the Report notes Plaintiff does not cite any federal statute or constitutional provision that is implicated in this case. *Id.* at 3. Moreover, the Report also finds that the other basis for the exercise of federal jurisdiction in this case, diversity jurisdiction, is not present because Plaintiff indicates that both her and Hammond are citizens of South Carolina. *Id.* Thus, the Report concludes that there is no basis for the exercise of federal jurisdiction in this case. *Id.*

Second, the Report concludes Plaintiff's complaint fails to state a recognizable legal cause of action or claim for relief as required by Federal Rule of Civil Procedure 8. *Id.* Specifically, the Magistrate Judge notes that Plaintiff has not asked for a form of relief available in federal court because she only asks the court to "talk to" the Hammond. *Id.* Similarly, the Magistrate Judge finds that, while Plaintiff requests

damages, her complaint "fails to provide a short and plain statement of her legal claims showing that she would be entitled to damages." *Id.*

On October 16, 2023, Plaintiff filed a letter in response to the Magistrate Judge's Report. ECF No. 16. She states that she "feel[s] that this case need[s] to be really gone over for the second time . . . ." *Id.* at 1. The Court will construe this letter as Plaintiff's objections to the Report.

## ANALYSIS

the Court is charged with reviewing *de novo* any portion of the Magistrate Judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted); *see also United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007) (To constitute a "specific objection" warranting *de novo* review, an

objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection.").

The Court finds that Plaintiff has not asserted specific objections to the Report. Her objections ask this Court to "go[] over [her] case for the second time," yet do not address the Magistrate Judge's conclusions that there is (1) no basis for the exercise of federal jurisdiction and (2) that Plaintiff's complaint fails to plausibly state a claim for relief as required by Rule 8. Instead, Plaintiff's letter asserts additional allegations as to how Hammond is "trying his best to kill me with his witchcraft." ECF No. 16 at 1. These allegations are not proper, specific objections.

Accordingly, in light of the standard in *Wallace*, the Court has carefully reviewed both the Report and Plaintiff's objections. For the reasons stated, Magistrate Judge, the Report, ECF No. 13, is accepted. Plaintiff's objections are overruled. This matter is dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

October 24, 2023
Columbia, South Carolina